**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LAKISHA THOMAS,
Individually and on behalf of the
Wrongful Death Beneficiaries of CAMERON
DEMARCUS ROBY**

**PLAINTIFF**

**v.** **CIVIL ACTION NO.** 3:26–cv–01012-CWR-ASH

**MANAGEMENT & TRAINING CORPORATION** **DEFENDANTS**

---

# COMPLAINT

---

***Jury Trial Demanded***

1. East Mississippi Correctional Facility (EMCF), a private prison managed by Management & Training Corporation (MTC), is notorious for uncontrolled violence by inmates against other people incarcerated there. Cameron Roby fell victim, another in a line of those who died or suffered serious injuries from the violence inside the prison. He was 23 years old, anticipating his release shortly after his 25th birthday. The prison officially assigned him to cell 113. But without authorization or regard for safety and procedures, a guard or guards, employed by MTC, placed him in cell 212 with a gang member known to assault inmates while serving his sentence for murder. At some point after Roby was moved, other inmates became aware there was a beating inside that cell and called for help. Guards were slow to respond. By the time they opened the cell door on the morning of October 2, 2025, Roby was unresponsive, bleeding from his head,

with his face disfigured. The cellmate admitted to attacking and beating him, unprovoked. The beating was so severe that Roby died two weeks later from the resulting brain injuries.

2. Roby's death was caused by the negligence and deliberate indifference of the guard or guards who placed him in the cell with this dangerous prisoner, without any regard for safety and procedures. That alone makes MTC liable for this death. This negligence and deliberate indifference are exacerbated by the longstanding and severe understaffing at EMCF that meant no guards were monitoring the cell or the area around it and none took action to intervene in the attack or otherwise prevent it. That understaffing is a big reason why EMCF is such a violent and dangerous place. In addition, upon information and belief, one or more guards engineered the dangerous and unauthorized cell transfer in retaliation against Roby for some grudge that the guard(s) held against him and/or did so at the behest of gang member inmates with whom the guard(s) cooperated. It was well known to MTC that gang member inmates exercised unlawful and inappropriate authority over many parts of EMCF, including controlling cell assignments in many zones. It was also well known to MTC that many of the guards were bribed or otherwise influenced to cooperate with and carry out the wishes and whims of these gang members including cell assignments and transfers they dictate. Whatever the motives of the guard(s) who moved Roby to the cell where he was killed, and whether gang members played a role in the transfer or not, MTC is liable for the actions that led to Roby's death.

3. Roby's sister, Lakisha Thomas, brings this federal civil rights and state law negligence lawsuit against Defendant MTC and potentially against any or all of its employees whose actions played a role in Roby's death. Plaintiff Thomas is acting individually and on behalf of Roby's wrongful death beneficiaries.

## **JURISDICTION AND VENUE**

4. Jurisdiction is appropriate in federal court pursuant to 28 U.S.C. §§ 1343, 1331 and 1332. Original subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1331 since a federal question is raised under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is also invoked, for the moment, pursuant to 28 U.S.C. § 1332 since the plaintiffs have diversity of citizenship from MTC and the matter in controversy exceeds $75,000, exclusive of interest and costs. Supplemental and pendent jurisdiction for state law claims related to original jurisdiction claims is raised pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), as most or all substantial acts and/or omissions occurred in Lauderdale County, Mississippi, within the United States District Court for the Southern District of Mississippi, Northern Division.

**PARTIES**

6. Plaintiff Lakisha Thomas is an adult resident citizen of Mississippi. As Cameron Roby's surviving half-sister, she brings this action individually and on behalf of the wrongful death beneficiaries of Cameron Roby.

7. At all times material and at the time of the incident which gives rise to this Complaint, Cameron Roby was a twenty-three (23) year old citizen of the State of Mississippi and was incarcerated at East Mississippi Correctional Facility ("EMCF"). Substantial acts, omissions, and events which caused Decedent's death took place in Lauderdale County. Plaintiffs bring this action pursuant to the wrongful death statute set forth in *Miss. Code Ann.* § 11-7-13.

8. Management & Training Corporation (hereinafter, "MTC" or "Defendant") is a national for-profit prison operator incorporated in Delaware with its principal place of business in Utah. MTC is the third-largest prison management company in the United States, operating 21 correctional facilities in the country, with 17 state correctional department contracts and 7 federal

correctional agency contracts. MTC is currently contracted with the Mississippi Department of Corrections ("MDOC") for the management and oversight of the daily operations of two Mississippi prisons, one of which is EMCF. Accordingly, MTC has the responsibility to provide humane care and treatment at EMCF consistent with all constitutional standards. At all times material herein, MTC managed EMCF, and the acts, omissions and events giving rise to this Complaint occurred under MTC's management. For purposes of claims under Mississippi law, MTC is vicariously liable for the actions of its employees. MTC is subject to *in personam* jurisdiction of the Court by service of process upon its appointed registered agent, Corporation Service Company, 109 Executive Dr., Suite 3, Madison, Mississippi 39110.

9. At all times material, Defendants were acting under the color of the law, statutes, customs, ordinances, and usage of the State of Mississippi, and pursuant to MTC's contract with MDOC, and in the course and scope of their employment and/or agency relationship with MTC.

## FACTS

### *The Unauthorized Transfer of Roby by EMCF Guards to the Cell of an Extremely Dangerous Inmate Who Attacked and Killed Him.*

10. Decedent Cameron Roby was a 23-year-old man incarcerated at EMCF. His tentative release date was January 2027—a month after his 25th birthday.

11. Roby's official housing assignment was Unit 1 Pod A, Cell 113. However, on or about October 1, 2025, EMCF staff placed him in Cell 212. The housing re-assignment was not officially approved or made pursuant to any EMCF policies or procedures for cell assignment, including any designed to ensure inmate safety and security. Cell 212 was a two-person cell.

12. Roby was placed into Cell 212 with Janarius Street, a validated STG Vice Lord gang member, who was serving a 25-year sentence for 2nd degree murder. EMCF staff knew of Street's murder conviction and his record of violence in prison. Street had received rule violations

for punching an inmate in the face on October 28, 2023, fighting on January 18, 2024, possessing a blunt object capable of inflicting death on July 23, 2024, and hitting another inmate repeatedly in the face on September 15, 2024. Street was 6'0" and weighed 250 pounds. Roby was significantly smaller.

13. At some point on the morning of October 2, Street attacked and brutally beat Roby. He strangled him, punched him, kicked him, and bashed his head. Inmates became aware of the beating and asked guards to intervene. However, no guard intervened or went to the cell until it was too late to stop the attack on Roby. Moreover, no guard was in a position to monitor the area and prevent the attack from happening.

14. When guards finally entered the cell, they found Roby unresponsive and bleeding from his face. Street admitted to beating Roby. Roby was transported to the University of Mississippi Medical Center ("UMMC"), where he remained until he died from his injuries on October 17, 2025.

15. Roby suffered severe physical pain and psychological and emotional distress during and after the assault by Street. As a result of Roby's injuries and death, his mother, father, and sister have suffered and will continue to suffer loss of love and companionship and emotional pain and distress.

16. The guard(s) who placed Roby in cell 212 with Street knew or should have known of Street's violent proclivities. They placed Roby there in spite of the danger. Moreover, upon information and belief, the guard(s) did so in the hope that Roby would be injured or killed as retaliation for a grudge held by the guards against Roby and/or did so at the request of gang members at the prison with whom the guards cooperated.

17. Upon information and belief, MTC did not have adequate procedures in place to ensure that inmates were not placed into cells where there was a significant danger of violence at the hands of a cellmate.

***Violence and Inmate Assaults at EMCF***

18. Inmate-on inmate violence is very common at EMCF. This is due in large part to the significant understaffing and inadequate hiring and training of the guards at the prison leading to inadequate supervision of inmates. Often, the violence is carried out by members of inmate gangs, also known as Security Threat Groups or STGs. Without adequate staffing, the gangs exercise significant control over the prison's operations, including cell-placement decisions. In some zones of the prison, decisions on cell placement and other aspects of prison life are made by a dominant gang member often known as the "man of the house." Many EMCF guards and supervisors collude with the gangs. Guards are often bribed by gang members and often have personal relationships with gang members, including female guards who are in romantic relationships with gang members. All of this leaves inmates without adequate supervision to ensure their safety from attacks by other inmates.

19. These conditions have existed for many years at EMCF and are well known to MTC staff and management at all levels. A number of inmate-on-inmate killings and other assaults have occurred over the years leading to several lawsuits that have reinforced for MTC management the dangers that exist at EMCF. Yet MTC has tolerated and condoned these conditions and the resulting danger to those who are imprisoned at EMCF, doing little to change them. Several witnesses have provided reports and deposition testimony about these conditions and MTC's knowledge of them, including MTC officials and staff, former EMCF guards, and others. These conditions have led to other deaths and assaults in the prison, including the June

2014 murder of Charles McGrew by his gang member cellmate, the November 2021 murder of Bobby Jenkins by gang members, the November 2021 assault and attempted murder of Steven Buckley by gang members, the March 2024 murder of Edward Boyd by gang members, and the June 2025 assault of David Carter. One or more of these incidents involved a cell assignment with a dangerous inmate who killed the person assigned. One or more of these incidents involved staff members compromised by relationships with gang members. Some or all of these incidents could have been prevented if the prison had been adequately staffed with properly trained and supervised officers, free of loyalty to gang members, monitoring the housing areas.[1]

20. These conditions are so pervasive and so well-known to MTC and tolerated by MTC as to amount to ratification by MTC of the actions of its employees who placed Cameron Roby in the cell with the dangerous prison who killed him. The existence of these conditions also amounts to *de facto* policies of MTC of understaffing, dangerous cell assignments, failing to place officers with direct supervision and authority over inmates in the housing areas, inadequate hiring, training, and supervision of guards, condoning gang dominance of housing units and decisions regarding cell assignments, allowing guards to work at the prison who are compromised by relationships with gang members, and failing to protect the people incarcerated at EMCF from harm. These policies were the moving force that led to the death of Cameron Roby. Moreover, MTC has done little or nothing to correct those conditions after the death of

---

[1] These cases are documented in the lawsuits filed against MTC over them. *See Gipson v. MTC,* No. 3:16-cv-624-DPJ-FKB (S.D. Miss.) (McGrew); *Buckley v. MTC,* No. 3:22-cv-379-KHJ-MTP (S.D. Miss) (Buckley and Jenkins); *Carthan v. MTC,* No. 3:25-cv-163-CWR-ASH (S.D. Miss.) (Boyd); *Carter v. MTC,* 3:26-cv-335-KHJ-MTP (S.D. Miss.) (Carter). In addition, other lawsuits have put MTC on notice of all of these conditions at EMCF, including *Marsh v. MTC,* No. 3:24-cv-339-TSL-MTP (S.D. Miss.) and *Rivers v. MTC,* No. 3:25-cv-156-CWR-LGI (S.D. Miss.).

Mr. Roby or to properly investigate his murder, which adds to MTC's ratification of the actions of its employees.

**FIRST CAUSE OF ACTION**

**Negligence and Gross Negligence**

21. Plaintiff incorporates all allegations in the paragraphs above.

22. Defendant MTC and its employees had a duty to exercise ordinary care in the management of EMCF, including the supervision, protection, and care of its inmates. They had a special relationship with decedent and other inmates, arising out of the custodial relationship, that created a duty to exercise reasonable care for Roby's health and safety and to protect him from reasonably foreseeable harm, including from other inmates.

23. Defendant MTC and its employees breached their duties and were negligent and grossly negligent in a manner that caused the death of Cameron Roby. Their breaches of duty included, but were not limited to, placing Roby in a cell with an extremely violent inmate, doing so without authorization, failing to assign officers who could adequately monitor the cell, and not immediately responding to the cell to intervene and protect Roby after inmates alerted guards that he was being attacked. In addition, MTC and its employees were negligent with respect to the conditions and de facto policies described earlier in this complaint and in tolerating the conditions that played a role in Roby's death.

24. These negligent acts and omissions were the proximate cause of Roby's death.

25. MTC and its employees were negligent, grossly negligent, and acted with a reckless disregard for Roby's rights.

26. Defendant MTC is vicariously liable for the acts and omissions of its employees who were acting within the course and scope of their employment. These acts and omissions were not a surprise to MTC and were not unexpected.

**SECOND CAUSE OF ACTION**

**Violation of the Eighth and Fourteenth Amendments – Failure to Protect (42 U.S.C. § 1983)**

27. Plaintiff incorporates all allegations in the paragraphs above.

28. Under the Eighth Amendment to the United States Constitution, "prison officials have a duty … to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The Eighth Amendment applies to the states through the Fourteenth Amendment.

29. Defendant MTC and its employees put Roby at a substantial risk of being violently attacked and killed and did nothing to mitigate the danger or otherwise protect him.

30. Defendant MTC and its employees acted pursuant to the longstanding customs, practices, and policies of MTC described earlier in this complaint, including those that led to a serious danger of inmate-on-inmate violence.

31. These customs, practices, and policies were the moving force that led to the failure to protect Roby and to his death. MTC and its employees acted with deliberate indifference to the rights of Roby and violated his right to be protected from violence under the Eighth and Fourteenth Amendments. MTC ratified the actions of its employees.

**PUNITIVE DAMAGES**

32. Plaintiff incorporates all allegations in the paragraphs above.

33. Defendant MTC acted with actual malice and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of Cameron Roby and others in custody at EMCF.

34. Punitive damages should be awarded against Defendants for all causes of action.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff prays that upon a jury trial of this cause, the Court will award all relief due to the Plaintiff as set forth herein, including but not limited to:

A. Wrongful death and survival compensatory damages, both economic and non-economic, in amount to be determined by the jury;

B. Punitive damages in an amount to be determined by the jury;

C. Payment of funeral and burial expenses;

D. Reasonable attorney's fees and costs;

E. Pre- and post- judgment interest; and

F. Such other general and specific relief as appears reasonable and just in this cause.

Dated: November 23, 2026

Respectfully Submitted,

*/s/ Rob McDuff*
Robert B. McDuff
Miss. Bar No. 2532
767North Congress Street
Jackson MS 39202
601-259-8484
rbm@mcdufflaw.com

*Counsel for Plaintiff Lakisha Thomas*